United States District Court
Southern District of Texas
**ENTERED**
May 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMSON KADIRI, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-2517 |
| § | |
| CIT BANK, N.A.,, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to dismiss filed by the defendant/counter-plaintiff, CIT Bank, N.A. ("the bank"). The motion (Dkt. 18) is **GRANTED**, and the plaintiff/counter-defendant's claims are dismissed without prejudice. The plaintiff/counter-defendant, Samson Kadiri ("Kadiri"), whose attorney recently withdrew and who is now proceeding *pro se*, may file an amended pleading within 14 days of the entry of this order. If Kadiri does not timely file an amended pleading, his claims will be dismissed with prejudice. *See Young v. City of Houston*, 599 Fed. App'x 553, 555–56 (5th Cir. 2015).

### FACTUAL AND PROCEDURAL BACKGROUND

Kadiri filed this lawsuit in state court to stop a nonjudicial foreclosure, and the bank removed the lawsuit to this Court under the diversity jurisdiction statute, 28 U.S.C. § 1332 (Dkt. 1). In his live pleading, Kadiri asserts three claims under Texas law: (1) a claim for breach of contract, which is based on the bank's alleged failure to comply with the notice provisions of the relevant loan documents; (2) a claim requesting a judicial

declaration that the bank lacks standing to foreclose, which is based on the bank's alleged "fail[ure] to follow proper procedure to accelerate [Kadiri's] loan"; and (3) a claim requesting a judgment permanently enjoining the bank from foreclosing on the loan at issue (Dkt. 1-1 at pp. 69–72). In its second amended answer, the bank asserts a counterclaim against Kadiri and a third-party action against Kadiri's wife, Flora Kadiri, for judicial foreclosure (Dkt. 16 at pp. 9–10).

The bank has filed a motion to dismiss Kadiri's pleading under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Dkt. 18). Kadiri has neither responded to the bank's motion nor requested leave to amend his state-court pleading in federal court, but Kadiri's attorney withdrew only three weeks ago (Dkt. 25).

## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). It is a

"basic requirement" of federal pleading standards that the facts alleged "plausibly establish each required element for each legal claim." *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014). The Fifth Circuit has joined other circuits in holding "that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation marks and brackets omitted). The Court may also consider documents that are attached to the complaint itself. *Lone Star Fund*, 594 F.3d at 387.

## ANALYSIS

Kadiri's factual allegations, even when taken as true and viewed in the light most favorable to Kadiri, do not state a claim for relief that is plausible on its face.

### A. Kadiri has not stated a plausible claim for breach of contract.

Kadiri's first claim is for breach of contract (Dkt. 1-1 at p. 69). Under Texas law, a plaintiff alleging a breach of contract must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016). The second element cannot be glossed over: "a plaintiff must allege her own performance, because a party to a contract who is herself in default cannot maintain a suit for its breach." *Id*. (quotation marks and brackets omitted).

The factual allegations supporting Kadiri's breach of contract claim read as follows:

> The Deed of Trust states that [Kadiri] must be given notice of default and the ability to reinstate the loan. At no time since default has [Kadiri] been given the appropriate notice, or ability to reinstate the loan pursuant to the parties['] agreement.
>
> No Notice of Default was given to [Kadiri]. Thus, proper acceleration of the loan did not take place. As such, [the bank] cannot seek foreclosure of the property, and must be stopped from selling it at the July 2, 2019 foreclosure.

Dkt. 1-1 at p. 69 (paragraph numbers omitted).

Kadiri, in other words, admits that he defaulted on the loan at issue in the foreclosure proceeding. Moreover, the bank has attached to its motion to dismiss copies of notices of default and intent to accelerate that the bank sent by certified mail to the Kadiri residence and to Kadiri's then-counsel (Dkt. 18-1). Kadiri concedes that the notices were mailed and has attached those same notices to his live pleading (Dkt. 1-1 at pp. 74–91). These facts are materially indistinguishable from the facts addressed by the Fifth Circuit in *Villareal*.

In *Villareal*, the Fifth Circuit held that the plaintiff could not maintain a claim for breach of the notice provisions of a deed of trust and a promissory note when she failed to allege her own performance and when notices attached to the lender's motion to dismiss showed that she was in default on her loan:

> Villareal urged that Wells Fargo breached its contract by failing to send notices to her new residence at 100 East Yuma Avenue and to make automatic withdrawals from her checking account for mortgage payments. But a plaintiff must allege her own performance, because a party to a contract who is herself in default cannot maintain a suit for its breach.
>
> At no point did Villareal plead facts supporting the second element of her breach-of-contract claim—that she performed under the contracts. In fact, the notices that Wells Fargo sent to the Bales residence—and attached to its motion to dismiss—revealed that Villareal was in default by over $7,300.

> Because Villareal failed to allege any facts showing her own performance and did not refute the facts in documents referred to in her complaint, central to her claims, and attached to the motion to dismiss, the dismissal of the breach-of-contract claim was proper.
> *Id*. (quotation marks, brackets, and citation omitted).

*Villareal* is materially identical to this case. The Court will dismiss Kadiri's claim for breach of contract.

### B. Kadiri has not stated a plausible claim for a declaratory judgment.

Kadiri also seeks a judicial declaration that the bank lacks standing to foreclose because it "failed to follow proper procedure to accelerate [Kadiri's] loan" (Dkt. 1-1 at p. 69). The Court will dismiss this claim because Kadiri's breach of contract action is not viable and Kadiri has not presented any other basis on which the Court could grant his request for a declaratory judgment.

"When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (J. Ellison). "The Declaratory Judgment Act is a procedural device that creates no substantive rights; rather, it requires the existence of a justiciable controversy." *Id*. Without "the existence of a judicially remediable right," a declaratory judgment is not available. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012); *see also Stallings v. CitiMortgage, Inc.*, 611 Fed. App'x 215, 217–18 (5th Cir. 2015) ("When the other claims have been dismissed, it is appropriate also to dismiss any declaratory-judgment request."). Put another way, "[i]n a declaratory judgment action, the parties litigate the

underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. App'x 398, 400–01 (5th Cir. 2011).

Even though Kadiri has not pled an underlying claim—he cannot base a request for a judicial declaration on his breach of contract action, which the Court has dismissed—the bank's counterclaim for judicial foreclosure could provide a justiciable controversy sufficient to support a claim for declaratory relief. The Fifth Circuit has stated that the Declaratory Judgment Act "should be liberally applied when the plaintiff has a legal interest in an actual case or controversy[.]" *Collin County, Texas v. Homeowners Association for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170–72 (5th Cir. 1990) (noting that the Declaratory Judgment Act "is designed to afford parties, threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy" and that the underlying claim in a declaratory judgment action can be a "cause of action of the defendant against the plaintiff"). Assuming that Kadiri can ground a claim for a declaratory judgment on the bank's counterclaim, however, Kadiri still has not pled sufficient facts to entitle him to the judicial declaration that he seeks.

Kadiri is requesting a judicial declaration that the bank lacks standing to foreclose because it "failed to follow proper procedure to accelerate [Kadiri's] loan" (Dkt. 1-1 at p. 69). But Kadiri alleges only one failure on the bank's part: Kadiri claims that he did not receive the notices of default and intent to accelerate that the bank sent by certified mail to the Kadiri residence and to Kadiri's then-counsel. And that is not enough; neither

Texas law nor the deed of trust signed by Kadiri and his wife requires that Kadiri have received the notices. *See* page 11 of document number 2005064152 in the Fort Bend County property records;[1] *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (holding that, under Section 51.002 of the Texas Property Code, service of a notice "is complete when the notice is sent via certified mail" and that "[t]here is no requirement that [the debtor] receive the notice").

Kadiri's argument that receipt is required under the deed of trust seems to be based on the following language:

> Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.
> *See* page 11 of document number 2005064152 in the Fort Bend County property records.

Evidently, Kadiri is contending that mailing a notice by certified mail, as the bank did, constitutes sending that notice "by other means," which would require the bank to prove receipt in order to show compliance with the notice provisions of the deed of trust. The Court can find no authority to support this argument, and the Second Court of Appeals of Texas in Fort Worth recently rejected it. The Fort Worth Court held that, when a deed of trust provided that compliance with "applicable law" regarding notices satisfied the notice requirements of the deed of trust, a foreclosing entity necessarily

---

[1] The Court may take judicial notice of matters of public record, *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007), including documents recorded in county real property records. *See, e.g., Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 587 Fed. App'x 86, 87 & n.3 (5th Cir. 2014) ("We may consider the deed of trust, the assignment of the deed of trust, and the Declaration in deciding the motion to dismiss since they . . . are matters of public record.").

complied with the notice-of-default requirements of the deed of trust when it complied with the notice-of-default provisions of Section 51.002(d) and Section 51.002(e) of the Texas Property Code. *Kressenberg v. Nationstar*, No. 02-18-00261-CV, 2020 WL 1808293, at *3–4 (Tex. App.—Fort Worth Apr. 9, 2020, no pet. h.). As in *Kressenberg*, the notice provisions of Kadiri's deed of trust specifically say that compliance with "applicable law" regarding notices satisfies the notice requirements of the deed of trust:

> If any notice required by this Security Instrument is also required under Applicable Law,[2] the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.
> *See* page 11 of document number 2005064152 in the Fort Bend County property records.

Both the deed of trust and Texas law require notice of default. *See* page 13 of document number 2005064152 in the Fort Bend County property records; Tex. Prop. Code § 51.002(d). Under the notice provisions of the deed of trust, then, compliance with Texas law regarding notices of default necessarily satisfies the notice-of-default requirements of the deed of trust. Texas law requires mortgage servicers to serve a notice of default on the debtor by certified mail. Tex. Prop. Code § 51.002(d). Service is complete upon mailing, and receipt is not required. Tex. Prop. Code § 51.002(e); *see also Martins*, 722 F.3d at 256. Here, there is no dispute that the bank complied with the notice-of-default provisions of the Texas Property Code and sent notices of default and

---

[2] The deed of trust defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." *See* page 2 of document number 2005064152 in the Fort Bend County property records. The deed of trust further specifies that it is "governed by federal law and the law of the jurisdiction in which the Property is located." *See* page 11 of document number 2005064152 in the Fort Bend County property records.

intent to accelerate to the Kadiri residence and to Kadiri's then-counsel by certified mail. Kadiri concedes that the notices were mailed and has attached those same notices to his live pleading (Dkt. 1-1 at pp. 74–91). Under *Kressenberg*, Kadiri has failed to identify even an arguable violation of the notice-of-default requirements of the deed of trust. The Court finds *Kressenberg* persuasive[3] and further notes that other cases discussing identical or materially identical notice provisions in deeds of trust have held that simply sending a notice of default by certified mail is sufficient, irrespective of receipt. *See, e.g., Gossett v. Federal Home Loan Mortgage Corp.*, 919 F. Supp. 2d 852, 859–60 (S.D. Tex. 2013); *Johnson v. Vericrest Financial, Inc.*, No. 3:09-CV-1260, 2010 WL 3464971, at *1, *4–5, & n.7 (N.D. Tex. Aug. 27, 2010).

Kadiri has not pled sufficient facts to entitle him to a judicial declaration that the bank lacks standing to foreclose because it failed to follow proper procedure to accelerate his loan.

## C. Kadiri has not stated a plausible claim for injunctive relief.

Kadiri also seeks a judgment permanently enjoining the bank from foreclosing on the loan at issue (Dkt. 1-1 at pp. 69–72). The Court must dismiss this claim because Kadiri's breach of contract action is not viable and Kadiri has not presented any other basis on which the Court could grant injunctive relief.

---

[3] The debtor in *Kressenberg* has filed motions for rehearing and en banc reconsideration on other grounds. The debtor's motions specifically "concede that the Texas Property Code governs the notice of default, and that actual receipt is not required." *See* motions for rehearing and en banc reconsideration in docket number 02-18-00261-CV in the Second Court of Appeals of Texas.

Under Texas law, "[a]n injunction is an equitable remedy, not a cause of action." *Brittingham v. Ayala*, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied). "If a claim or cause of action is not alleged, the trial court lacks authority to issue an injunction." *Id*. Kadiri's breach of contract action is not viable, and Kadiri has not presented any other basis on which the Court could grant injunctive relief.

## CONCLUSION

The Court **GRANTS** CIT Bank, N.A.'s motion to dismiss (Dkt. 18). Samson Kadiri's claims against CIT Bank, N.A. are **DISMISSED WITHOUT PREJUDICE**. Kadiri, whose attorney recently withdrew and who is now proceeding *pro se*, may file an amended pleading within 14 days of the entry of this order. If Kadiri does not timely file an amended pleading, his claims will be dismissed with prejudice.

SIGNED at Houston, Texas, this 4th day of May, 2020.

*/s/ George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE